```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

PAGE PLAZA ACQUISITION, L.P.,

      Plaintiff,

v.                                    Case No: 2:21-cv-215-JES-NPM

LIBERTY MUTUAL FIRE INSURANCE CO.,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Second Amended Complaint (Doc. #26) filed on June 17, 2021. Plaintiff filed a Response in Opposition (Doc. #28) on July 8, 2021, to which Defendant replied (Doc. #31) on July 14, 2021. Plaintiff also filed a Motion For Leave To Amend Its Complaint (Doc. #27) on July 8, 2021, and Defendant filed a Response in Opposition (Doc. #33) on July 20, 2021.

This action initially began on February 11, 2021, when Status Capital, LLC (Status Capital) filed a lawsuit in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, against insurer Liberty Mutual Insurance Company. (Doc. #1-1.) On March 12, 2021, Liberty Mutual Insurance Company removed the case to this Court. (Doc. #1.) An Amended Complaint was filed, removing Status Capital as plaintiff, changing the named plaintiff to Page

1

Plaza Acquisition, L.P. (Page Plaza or Plaintiff), and properly changing the named defendant to Liberty Mutual Fire Insurance Company (Liberty Mutual or Defendant). (Doc. #14.) Thereafter, Plaintiff filed a Second Amended Complaint in compliance with this Court's request to identify all partners and partner entities with an ownership interest in the insured property. (Doc. #23; Doc. #25.)

The Second Amended Complaint alleges that Plaintiff purchased a commercial insurance policy, Policy Number YU2-L9L-460643-0217 (the Policy), from Defendant for real property located at 5100, 5050 and 5120 Cleveland Avenue, Fort Myers, Florida (the Property). (Doc. #25, ¶¶ 2-4.) The named insured under the Policy is Status Capital, while Plaintiff is identified as an additional insured and the owner of the Property. (Id., ¶ 2.) The Policy was in effect from March 1, 2017 through March 1, 2018, during which the Property suffered wind damage as a result of Hurricane Irma on or about September 10, 2017. (Id., ¶¶ 2, 9, 12.) Plaintiff alleges that Defendant violated Florida statutes § 624.155 and § 626.9541 when it acted in bad faith by refusing to timely and voluntarily acknowledge complete coverage, and by breaching its duty to handle Plaintiff's insurance claim with honesty, fairness and due regard for the insured's interests.[1] (Id., ¶¶ 57-59.)

---

[1] Under Florida law, any person may assert a claim of bad faith against an insurer when the insurer violates certain statutory

As mentioned above, Plaintiff has filed a motion for leave to amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), primarily to rename Status Capital as an additional plaintiff. (Doc. #27.)  Defendant opposes this motion to amend, arguing that a third amended complaint will be futile because it will suffer from the same defects as the current Second Amended Complaint.  Because it appears that a more carefully crafted complaint might state a claim upon which relief can be granted, and there appears no substantial reason to deny leave to amend, the Court will grant the requested leave to amend.  Because the motion to dismiss should be addressed to the newly amended complaint, the Court will deny the current motion to dismiss without prejudice to filing a motion to dismiss addressing the Third Amended Complaint upon its filing.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss Second Amended Complaint (Doc. #26) is **DENIED** without prejudice.

---

provisions identified in Fla. Stat. § 624.155(1)(a) or commits certain acts enumerated in Fla. Stat. § 624.155(1)(b). Fla. Stat. § 624.155(1). Braddy v. Infinity Assur. Ins. Co., No. 6:15-cv-119-Orl-28GJK, 2016 U.S. Dist. LEXIS 178448, at *9 (M.D. Fla. Jan. 14, 2016).

2. Plaintiff's Motion For Leave To Amend Its Second Amended Complaint (Doc. #27) is **GRANTED**. The Third Amended Complaint shall be filed within **FOURTEEN (14) DAYS** of this Order.

3. Defendant shall answer or otherwise respond to the Third Amended Complaint within **TWENTY (21) DAYS** of the date of service.

**DONE** and **ORDERED** at Fort Myers, Florida, this __4th__ day of January, 2022.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record