UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATUS CAPITAL, LLC and PAGE
PLAZA ACQUISITION, L.P.,

       Plaintiff,

v.                    Case No: 2:21-cv-215-JES-NPM

LIBERTY   MUTUAL   FIRE
INSURANCE CO.,

       Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of defendant's Motion to Dismiss Third Amended Complaint (Doc. #41) filed on January 29, 2022. Plaintiffs filed a Response in Opposition (Doc. #42) on February 14, 2022, to which Defendant replied (Doc. #48) on March 9, 2022.[1] For the reasons set forth below, the Motion to Dismiss is denied as moot, the Third Amended Complaint is dismissed without prejudice, and plaintiffs are granted leave to file a fourth amended complaint if they choose to do so.

**I.**

    This case was initially filed by plaintiff Status Capital, LLC (Status Capital) in the Circuit Court of the Twentieth Judicial

_____

[1] On March 21, 2022, Plaintiffs filed an unopposed Motion For Leave To File Sur Reply. (Doc. #50.) For the reasons discussed below, the motion is denied as moot.

Circuit in and for Lee County, Florida, against insurer Liberty
Mutual Insurance Company. (Doc. #1-1.) However, Liberty Mutual
Insurance Company removed the case to this Court on the basis of
diversity jurisdiction. (Doc. #1.) After removal, an Amended
Complaint was filed, removing Status Capital as plaintiff,
changing the named plaintiff to Page Plaza Acquisition, L.P. (Page
Plaza), and properly changing the named defendant to Liberty Mutual
Fire Insurance Company (Liberty Mutual or Defendant). (Doc. #14.)
A Second Amended Complaint was then filed to identify all partners
and partner entities with an ownership interest in the insured
property. (Doc. #23; Doc. #25.) On January 4, 2022, this Court
issued an Opinion and Order granting Plaintiff's request for leave
to amend the Complaint in order to rename Status Capital as an
additional plaintiff in this matter. (Doc. #38.) On January 18,
2022, plaintiffs Status Capital and Page Plaza filed a Third
Amended Complaint (Doc. #40), which Defendant now seeks to dismiss
under Rule 12(b)(6). (Doc. #41.)

Upon careful review of the operative pleading — the Third
Amended Complaint (TAC) — the Court finds that diversity of the
parties has not been sufficiently pled. "Diversity jurisdiction,
as a general rule, requires complete diversity--every plaintiff
must be diverse from every defendant." Palmer v. Hosp. Auth. of
Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994); Lincoln Prop.
Co. v. Roche, 546 U.S. 81, 89 (2005). Federal courts are courts

2

of limited jurisdiction, and the Court is required to inquire into its jurisdiction at the earliest possible point in the proceeding. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)("It is axiomatic that federal courts are courts of limited jurisdiction."); Anderson v. Emory Transplant Clinic, 746 F. App'x 958, 959 (11th Cir. 2019); Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).

As discussed above, the TAC renames Status Capital as an additional plaintiff in this matter. (Doc. #40, ¶ 5.) The TAC identifies Status Capital as a New York limited liability company, but it does not identify its members. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Accordingly, for the Court to determine whether diversity jurisdiction exists, it must know the citizenship of each member of Status Capital.

Likewise, the TAC identifies plaintiff Page Plaza as a limited partnership that is made up of member run limited liability companies and limited partner individuals. (Doc. #40, ¶ 6.) With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." Rolling Greens, 374

F.3d at 1021 (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990))). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." Cuhaci v. Kouri Grp., LP, No. 20-cv-23950, 2021 U.S. Dist. LEXIS 123077, at *3 (S.D. Fla. June 29, 2021). Although the TAC identifies the citizenship of the limited partners and some of the members of the various LLCs, it fails to identify the members of Page Plaza GP LLC. In addition, another member of Page Plaza is listed as "Ralph Tawil Trust." The citizenship of a traditional trust is that of its trustees. See Alliant Tax Credit 31, Inc v. Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019) ("A 'traditional trust' holds the citizenship of its trustee, not of its beneficiaries."). To determine whether the trust is traditional, the Court must look to "the 'law of the state where the trust is formed.'" Alliant Tax Credit 31, 924 F.3d at 1143 (quoting Wang ex rel. Wong v. New Mighty U.S. Tr., 843 F.3d 487, 495 (D.C. Cir. 2016)). The TAC alleges that the trust is a member and suggests that it is a citizen of New York, but there are no allegations to determine whether this is a traditional trust, under what state's laws this trust was formed, or the identity of its trustee(s). As these facts bear on whether the Court has diversity jurisdiction, Plaintiffs will be permitted to amend their Complaint to provide such information if they choose to do so. See Mallory & Evans

Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1304-05 (11th Cir. 2011) (stating that when jurisdictional allegations are defective, they may be amended).

Accordingly, it is hereby

**ORDERED:**

1.    Defendant's Motion to Dismiss Third Amended Complaint (Doc. #41) is **DENIED as moot.**

2.    Plaintiff's Unopposed Motion For Leave To File Sur Reply (Doc. #50) is **DENIED as moot.**

3.    The Third Amended Complaint (Doc. #40) is **DISMISSED without prejudice.**

4.    Plaintiffs may file a Fourth Amended Complaint within **TWENTY-ONE (21) DAYS** from the date of this Order.

5.    If and when filed, Defendant shall answer or otherwise respond to the Fourth Amended Complaint within **TWENTY-ONE (21) DAYS** of the date of service.

**DONE** and **ORDERED** at Fort Myers, Florida, this ___21st___ day of March, 2022.


_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of Record